**SIGNED this 01 day of December, 2009.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

ANTHONY CLARK MCDOWELL,                                   Bankruptcy No.1-09-12053

    Debtor;                                                              Chapter 13


STEVE HIXSON,

    Plaintiff,

v.                                                                              Adversary Proceeding
                                                                                            No. 09-1102

ANTHONY CLARK MCDOWELL,

    Defendant.

Appearances:

        Thomas F. Lindsay, Townley & Lindsay, Rossville, Georgia, for the Plaintiff

        Thomas E. Ray, Samples, Jennings, Ray & Clem, Chattanooga, Tennessee for the
        Defendant

R. Thomas Stinnett, United States Bankruptcy Judge

**Memorandum**

1

The plaintiff obtained a judgment against the debtor for $100,000. The plaintiff brought this suit to except the judgment debt from discharge. The complaint originally alleged that the judgment debt should be excepted from discharge under § 523(a)(6) because the judgment was for willful and malicious injury to property. When the court confirmed the debtor's chapter 13 plan, that claim was no longer viable, at least while the debtor is performing the confirmed plan. 11 U.S.C. § 1328(a)(2), (4) & § 523(a)(6). The plaintiff amended the complaint to allege the judgment debt should be excepted from discharge under § 523(a)(4) as a debt for embezzlement or larceny. Confirmation and completion of a chapter 13 plan will not result in discharge of a debt for embezzlement or larceny. 11 U.S.C. §§ 1328(a)(2) & 523(a)(4). The debtor has filed a motion to dismiss the amended complaint on the ground that it fails to state a claim upon which relief can be granted. Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(b)(6). This memorandum deals with that motion.

The amended complaint essentially adopts the facts found by the state court as its alleged facts. As a result, the plaintiff and the debtor have focused their arguments on the meaning of the state court's judgment. The court will do the same. The judgment is quoted below with the debtor identified as the defendant.

> Defendant performs highly skilled body work on automobiles. He developed a design to convert a newer model Corvette to look like a 1967 Corvette. However, he lacked the funds to buy and build the vehicle.
>
> As a result, Plaintiff and Defendant entered into a contract in which Plaintiff would purchase a 1999 Corvette and then hire Defendant to make the conversion. Thus, Plaintiff purchased the vehicle and Defendant began working on the vehicle.
>
> In compliance with the agreement, Plaintiff spent substantial funds in paying for Defendant's labors and the needed parts.
>
> A car show was held in Chattanooga. Plaintiff and Defendant agreed to present the vehicle at the show. The conversion was substantially complete. However, the car was in unfinished condition.
>
> At the show, Plaintiff was offered $75,000 for the vehicle. Plaintiff did not agree to sell the vehicle. However, Plaintiff and Defendant began arguing over whether Plaintiff had the authority to sell the vehicle if he chose to do so.
>
> Defendant took the vehicle from the show. He then attempted to make molds of the vehicle so that he could use them in creating another conversion

2

vehicle.

Subsequently, Defendant willfully and maliciously and without knowledge to the Plaintiff, cut off the body work which had been paid [for] by the Plaintiff. Defendant continued to withhold the vehicle from the Plaintiff for an extended period of time and did not return same until suit had been filed.

When Defendant returned the vehicle, it was basically without a body. The frame had been modified to accommodate the conversion. As a result, Plaintiff cannot simply buy another body and have it installed on the vehicle frame.

The Court concludes as a matter of law that Defendant breached his contract with Plaintiff. Furthermore, he acted without cause or excuse when he intentionally converted the vehicle for his own purposes by destroying the substantive parts of the vehicle. The Defendant's actions were both willful and malicious.

The Court concludes as a matter of law that Defendant's counterclaim is without merit. Defendant had the vehicle in his possession. If he felt the disagreement with Plaintiff could not be resolved, he could have addressed the matter through the Court. Instead, he acted in an intentional, malicious, and greedy manner.

The Defendant's testimony lacked credibility. For example, the hours which he had purportedly donated on the project obviously was untruthful.

In setting damages, the Court has considered the offer of $75,000.00. The Court has further considered the Defendant's testimony that the vehicle, in its unfinished condition, was still worth substantially over $100,000.00. The Court has also considered the Defendant's testimony that the first conversion vehicle would have special value.

The Court recognizes the Plaintiff still has the damaged vehicle. That vehicle has value as established by the parties. As a result, in establishing damages, the Court has taken the fair market value of the vehicle immediately before the damage and subtracted the fair market value after the damage.

After considering the Defendant's willful and malicious actions in this matter, the Court orders as follows: The Court determines the value of the vehicle to be $80,000.00 with a current value of $10,000.00, therefore Plaintiff is awarded actual damages in the amount of $70,000.00. While the Court recognizes this sum is substantially less than Defendant's own testimony as to value, the Court prefers to err on the side of being conservative in the award of damages against Defendant. Plaintiff is awarded punitive damages in the amount of $20,000.00 and Attorney's Fees in the amount of $10,000.00 for a total award of $100,000.00.

A motion to dismiss for failure to state a claim tests the allegations of the complaint. The court can grant the motion only if the plaintiff cannot prove any set of facts that is consistent with the complaint's allegations and will entitle the plaintiff to judgment in his favor. For the purpose of deciding

3

the motion, the court assumes that the facts alleged in the complaint are true. The court also assumes the truth of facts that can reasonably be inferred from the alleged facts. *Mixon v. Ohio*, 193 F.3d 389 (6th Cir. 1999); *United Food and Commercial Workers International Union Local 199 v. United Food and Commercial Workers International Union*, 301 F.3d 468 (6th Cir. 2002).

The bankruptcy statutes do not provide a definition of embezzlement, but the courts have adopted an established definition. Embezzlement requires proof that the debtor lawfully obtained possession or control of another person's property and fraudulently put the property to a use that the other person did not authorize or intend. *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-1173 (6th Cir. 1996); *Spinoso v. Heilman (In re Heilman)*, 241 B.R. 137 (Bankr. D. Md. 1999); *Digital Commerce, Ltd. v. Sullivan (In re Sullivan)*, 305 B.R. 809 (Bankr. W. D. Mich. 2004); *Ball v. McDowell (In re McDowell)*, 162 B.R. 136, 140 (Bankr. N. D. Ohio 1993).

Embezzlement implicitly includes the victim's intent not to give up his or her interest in the property despite the debtor's possession or control. *D'Agata v. Hogan (In re Hogan)*, 193 B.R. 142 (Bankr. N. D. N. Y. 1995).

As to fraudulent intent, the court rejects the debtor's argument that it requires proof of a false representation, false pretense, or other similar fraudulent act by the debtor. *Cash American Fin. Serv. v. Fox (In re Fox)*, 370 B.R. 104, 116-117 (6th Cir. B.A.P. 2007).

The debtor contends the complaint in the state court and the judgment only deal with damage to the vehicle. The debtor's arguments also suggest the argument that he could have embezzled only the 1999 Corvette received from the plaintiff and not the almost converted car because he built it instead of receiving it from the plaintiff.

The state court's calculation of damages treated the plaintiff as having an ownership interest in the car at the time of the car show, when the car was almost fully converted to look like a 1967 Corvette. The debtor then breached the contract with the plaintiff and willfully and maliciously damaged the car by undoing the body work, which was the most valuable part of the conversion, and returning to the plaintiff only the modified chassis of the 1999 Corvette.

In light of this reasoning by the state court, the plaintiff may be able to prove embezzlement, to prove that he entrusted the almost finished car to the debtor at the time of the car show. The plaintiff may also be able to prove the fraudulent intent required to establish embezzlement. In this regard, the state court's finding of willful and malicious conduct under Tennessee law may be consistent with a finding of fraudulent intent under § 523(a)(4). *Glenn v. Hrim (In re Hrim)*, 160 BR. 726 (Bankr. N. D. N. Y. 1993).

The court must note that neither the plaintiff nor the defendant has moved for summary judgment on the basis of the state court judgment and the law of collateral estoppel. 28 U.S.C. § 1738; Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c); *see generally Tomlin v. Crownover (In re Crownover)*, 417 B.R. 45 (Bankr. E. D. Tenn. 2009). As a result, the court is not faced with the question of whether or not the state court judgment establishes all the facts needed to prove embezzlement under § 523(a)(4). The court must only decide whether the plaintiff may be able to prove embezzlement consistently with the facts alleged in the amended complaint and the reasonable inferences from those facts. Again, the alleged facts are the facts set out in the state court's judgment. This question allows the court to rule for the plaintiff even if proof of embezzlement may require the plaintiff to present evidence in addition to the facts alleged in the complaint. The court concludes that the plaintiff may be able to prove embezzlement under § 523(a)(4) consistent with the facts alleged in the amended complaint (the facts set out in the state court's judgment) and the reasonable inferences from those facts. The court will deny the debtor's motion to dismiss with regard to embezzlement.

A person can embezzle another person's property only if he honestly acquired possession or control with the consent of the other person. Larceny differs from embezzlement on this point. Larceny requires proof that defendant gained possession unlawfully. *See, e.g., Elliott v. Kiesewetter (In re Kiesewetter)*, 391 B.R. 740 (Bankr. W. D. Pa. 2008); *Rainey v. Davenport (In re Davenport)*, 353 B.R. 150 (Bankr. S. D. Tex. 2006).

As to larceny, the state court's judgment essentially found that the debtor took the almost finished car from the car show so that he could dismantle it for his own purposes and to spite the plaintiff.

The judgment at least implies that the debtor wrongfully took the car from the car show when the plaintiff was entitled to possession or control. This inference may or may not be correct. The court need not decide. The court only concludes that consistently with facts alleged in the amended complaint, the plaintiff may be able to prove larceny under § 523(a)(4).

The court will enter an order denying the debtor's motion to dismiss and allowing the debtor 20 days within which to file his answer to the complaint.

# # #